**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G & G Closed Circuit Events, LLC, | No. CV-20-00833-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Araceli Villanueva, et al., | |
| Defendants. | |

Before the Court is Plaintiff G & G Closed Circuit Events, LLC's Motion for Award of Costs and Attorneys' Fees (Doc. 18), filed pursuant to Fed. R. Civ. P. ("Rule") 54 and Local Rules 54.1 and 54.2. The Court has reviewed the Motion and accompanying exhibits and for the reasons set forth below, the Motion is granted in part and denied in part.

**I.  BACKGROUND**

On September 24, 2020, Plaintiff prevailed on an entry of default against Defendants under 47 U.S.C. § 605 for the unlawful interception of a television broadcast. (Doc. 16) In its Order entering default judgment, the Court instructed Plaintiff to file a motion for attorneys' fees and costs. (Doc. 16 at 3) Plaintiff has done so, asserting that it is entitled $4,428.20 in fees and $666.00 in costs. (Doc. 18 at 4)

**II.  LEGAL STANDARD**

Aggrieved parties prevailing under § 605 are entitled to the recovery of "full costs" and "reasonable attorneys' fees" under § 605(e)(3)(B)(iii). Parties prevailing on default judgment are still prevailing parties for the purposes of awarding attorneys' fees. *See, e.g.*,

*G & G Closed Circuit Events, LLC v. Garcia*, No. CV-19-05134-PHX-SPL, 2020 WL 5535758 (D. Ariz. Sept. 15, 2020).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). This calculation is known as the "lodestar method" and it provides an objective basis on which to make an initial estimate of the value of an attorney's services. *Id.* The party requesting the fees must submit evidence supporting the reasonableness of the hours worked and the rates claimed. *Id.* "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.*

**III.  DISCUSSION**

Here, as stated, Plaintiff prevailed by obtaining a default judgment. Plaintiff submits the affidavit of its counsel, Thomas P. Riley, Esq., in support of its request for attorneys' fees and costs. (Doc. 18-2) Plaintiff also submits attorney time and task records reflecting 18.42 of billable hours for the services of attorney Riley (representing 3.30 hours of work at $550 per hour), an unnamed research attorney (representing 10.12 hours at $300 per hour) and an unnamed administrative assistant (representing 5 hours at a rate of $110 per hour), for a total of $4,428.20. (Doc. 18-2 at 11). Plaintiff also seeks reimbursement for non-taxable costs in the amount of $660.00, representing investigative expenses. (Doc. 20-2 at 14).

**A. Fees**

The Court must grant attorneys' fees, if they are reasonable. § 605(e)(3)(B)(iii). The "lodestar" calculation tells courts to multiply the number of hours reasonably spent by the reasonable hourly rate. *Hensley*, 461 U.S. at 433. A reasonable hourly rate is the prevailing rate in the community "for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995) (internal quotation marks and citation omitted). The community is generally defined as the district in which the case is litigated. *Davis v. Mason Cty.*, 927 F.2d 1473,

1488 (9th Cir. 1991).

Plaintiff does not provide sufficient evidence the hourly rates charged are reasonable. The only evidence is the affidavit, in which Mr. Riley even acknowledges that this Court recently found a reasonable hourly rate for him in a nearly identical case to be $250, the reasonable hourly rate for the research attorney to be $100, and the reasonable hourly rate for the administrative assistant to be $65. (Doc. 18-1 at 7) *See Garcia*, 2020 WL 5535758 at *3–4. Nevertheless, Plaintiff attempts to argue for the higher rates as stated above. *See supra* III. Although the Court acknowledges these arguments, given the similarity between the two cases and the routine nature of the instant matter, the Court finds its previous evaluation of rates to be applicable here.

The Court also finds its determinations made in *Garcia* regarding time spent to be applicable. There, this Court cut hours whenever it found duplicative time entries for tasks done by both Mr. Riley and his administrative assistant. *Id.* at *4. This Court removed the entry for the assistant's task whenever the entry for Mr. Riley and the assistant were the same, save for the addition of the phrase "and Filing." *Id.*

Here, Plaintiff had submitted the invoice for time billed, listing the time spent by Mr. Riley, the research attorney, and the administrative assistant. (Doc. 18-2 at 8–11) Again, as in *Garcia*, the invoice includes duplicative tasks completed by both Mr. Riley and his administrative assistant, with the addition of "and Filing" on the assistant's task. (Doc. 18-2 at 8–11) The Court will again strike any tasks billed to the administrative assistant which are also billed to Mr. Riley, and which differ only by the addition of the words "and Filing." The Court has found 26 such duplicative tasks and will strike the 13 tasks billed to the assistant.

**B. Costs**

Costs are not discretionary under § 605(e)(3)(B)(iii). Here, Plaintiff asks for investigative costs. (Doc. 18 at 2) Although courts are split as to whether investigative costs are permitted in this context, this Court has previously held that investigative costs are included in the "full costs" mandated under § 605(e)(3)(B)(iii). *See G&G Closed Circuit*

3

*Events LLC v. Williams*, No. CV-19-05142-PHX-DWL, 2020 WL 4464387, at *2 (D. Ariz. Aug. 4, 2020). However, even though investigative costs are permitted, "it does not alleviate a plaintiff's burden to show '(1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; and (3) why the investigators are qualified to demand the requested rate.'" *G&G Closed Circuit Events LLC v. Espinoza*, No. CV-18-08216-PCT-JAT, 2020 WL 1703630, at *4 (D. Ariz. Apr. 8, 2020) quoting *J & J Sports Prods., Inc. v. Arvizu*, No. CV-17-03130-PHX-DGC, 2018 WL 1621253, at *2 (D. Ariz. Apr. 4, 2018).

Here, Plaintiff has attached to its Motion an invoice for an investigator showing that a check was paid to an Amanda Hidalgo for $660. (Doc. 18-2 at 14) Plaintiff's counsel states that "Courts have acknowledged that detecting signal piracy is difficult," and that based on his experience in "anti-piracy cases" it is his opinion that the investigation fee is "reasonable." (Doc. 18-2 at 5) Plaintiff did not provide amount of time spent, the investigator's hourly rate, or the investigator's qualifications (other than to state that the investigation is difficult). Therefore, Plaintiff has not met its minimal burden for investigative costs.[1]

///
///
///
///
///
///
///
///

Accordingly,

---

[1] The Court would like to remind Plaintiff's counsel to check his work before making submissions to the Court, to make sure the Proposed Order reflects the request in the Motion.

**IT IS ORDERED** that Defendant's Motion to Submit Application for Fees and Costs (Doc. 18) is **granted in part** and **denied in part** as follows:

1. Plaintiff is awarded $1,878.80 in reasonable attorneys' fees under 47 U.S.C. § 605(e)(3)(B)(iii); and
2. Plaintiff's request for investigative costs is **denied**.

Dated this 8th day of October, 2020.

Honorable Steven P. Logan
United States District Judge